IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01925-REB-KLM

RONALD NAGIM, and
JANET NAGIM,

    Plaintiffs,

v.

STEPHEN IRVING,
JOSEPH E. ABRAHAM, JR.,
SANDRA ABRAHAM,
JOSEPH E. ABRAHAM, III,
ALICIA PELLEGRIN, and
LOUISIANA STATE UNIVERSITY,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants Stephen Irving, Joseph E. Abraham, Jr., Sandra Abraham, and Joseph E. Abraham, III's **12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6) Motion to Dismiss** [Docket No. 6; Filed August 12, 2010] ("Abraham Defendants' Motion") and Defendant Alicia Pellegrin's **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6)** [Docket No. 13; Filed August 13, 2010] ("Defendant Pellegrin's Motion") (collectively, the "Motions").[1] Due to the substantial similarity between the present case and several others filed by Plaintiff Ronald Nagim in this District,[2] the Court expedited

---

[1] Defendant Louisiana State University ("LSU") does not also move for dismissal because it has not been served in compliance with the requirements of Fed. R. Civ. P. 4(j) regarding service on a state entity [Docket No. 36].

[2] Mr. Nagim has filed at least four lawsuits in the State of Colorado pertaining to the Louisiana events at issue here. The first, Case No. 08-cv-01115-ZLW, was dismissed *sua*

Plaintiffs' deadline to respond to the Motions [Docket No. 16]. Plaintiffs, who are proceeding *pro se*, filed an objection to the Motions on August 23, 2010 [Docket No. 17], which the Court did not accept because it did not appear to be signed by both Plaintiffs [Docket No. 18]. Plaintiffs filed a second objection to the Motions on August 30, 2010 [Docket No. 25], but that pleading was stricken for failure to comply with the Local Rules [Docket No. 28]. Plaintiffs filed a third objection to the Motions on September 1, 2010 [Docket No. 35] ("Response"), which the Court accepted as their Response [Docket No. 42]. Defendant Pellegrin filed a Reply on September 3, 2010 [Docket No. 38]. The Motions are now fully briefed and ripe for resolution. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the matter has been referred to this Court for recommendation. The Court has reviewed the Motions, Response, Reply, the entire case file, the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motions be **GRANTED**.

**I. Summary of the Case**

Plaintiffs filed their lawsuit in state court on July 22, 2010 [Docket No. 1-2 at 5-11]. They filed an Amended Complaint on August 3, 2010 [Docket No. 1-2 at 15-24], which is the operative pleading for purposes of resolving the pending Motions. Pursuant to the

---

*sponte* based on failure to plead with specificity pursuant to Fed. R. Civ. P. 8 and improper venue. The second, Case No. 10-cv-00328-PAB-KLM, has been recommended for dismissal based on improper venue [Docket No. 69]. The third, Case No. 10-cv-00329-PAB-KLM, which attempts to sue the DHS and FBI for alleged injuries related to the Louisiana events, has been recommended for dismissal based on failure to plead with specificity and to state a claim [Docket No. 31]. The fourth, which is the present case, was removed from Colorado state court by Defendants pursuant to 28 U.S.C. § 1332, and motions to dismiss similar to those at issue in the second case are pending. Mr. Nagim has also filed at least one other case in this Court, Case No. 09-cv-02428-PAB-KLM, relating to alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681. Motions for summary judgment are pending in that case.

Amended Complaint, Plaintiffs appear to sue Defendants for "Libel, Slander, Civil Wrong and infliction of emotional distress and any punitive damages this Court see [sic] applicable as to these Violations and the arbitrariness that violates the 14th Amendment and due process of law." *Amended Complaint* [#1-2] at 23.  Although not entirely clear, Plaintiffs appear to assert state law and constitutional claims against the Abraham Defendants; state law and constitutional claims against Defendant Pellegrin; and state law and constitutional claims against Defendant LSU.  Given that Plaintiffs allege violations of the Fourteenth Amendment, the Court assumes that Plaintiffs intended to assert their constitutional claims pursuant to 42 U.S.C. § 1983, although the Amended Complaint does not refer to this statute as a basis for relief or indicate how anyone other than Defendant LSU may be a state actor.

Based solely on a reading of the Amended Complaint, it appears that Plaintiffs' case arises from litigation that apparently occurred in the State of Louisiana.  Although not entirely clear, Plaintiffs contend that Defendants were involved in litigation with Plaintiffs, in particular a lawsuit involving the alleged rape of Plaintiffs' daughter.  Although no specific actions taken by any individual Defendant are sufficiently detailed, Plaintiffs generally allege that Defendants have levied accusations against them that interfere with Plaintiff Ronald Nagim's ability "to submit resumes for work" and have "stopped [him] from being able to continue being employed in the Oil n [sic] Gas, Power Industry that Plaintiff has worked in for over 17 years." *Amended Complaint* [#1-2] at 16, 18.  Plaintiffs also contend that Defendants' unspecified actions caused Plaintiff Ronald Nagim to be placed on a "Terrorist Watch List" and caused a restraining order to be entered against him by a Louisiana state court.  *Id.* at 18.  Although the Amended Complaint is filed by Ronald and Janet Nagim, the

3

allegations appear to relate to actions exclusively directed at Plaintiff Ronald Nagim. In this regard, Mr. Nagim alleges that "[a]s a Colorado citizen this is what this Citizen has had to face after leaving the state of Louisianan [sic] because of the Corrupt, Unjust acts of the State Orchestrated a [sic] Unconstitutional Court because of the affiliation through Louisiana State University, and the DOJ in Louisiana." *Id.* at 20. Plaintiffs contend that "[t]he State of Colorado has Jurisdiction over these defendants because of the mailing of this type of Defamation, Slanderous, and other accusations made by these defendants . . . ." *Id.* at 21.

After removal of Plaintiffs' case to this Court, Defendants who had been served filed motions to dismiss Plaintiffs' allegations against them. Specifically, the Abraham Defendants contend, among other things, that this Court lacks personal jurisdiction over them. *Abraham Defendants' Motion* [#6] at 3. Defendant Pellegrin also contends, among other things, that this Court lacks personal jurisdiction over her. *Defendant Pellegrin's Motion* [#13] at 3-5. Each claims that he or she is a citizen of Louisiana who has not sufficiently directed his or her actions toward Colorado or its citizens. The defense of lack of personal jurisdiction is governed by Fed. R. Civ. P. 12(b)(2). In their Response to the Motions, Plaintiffs do not address Rule 12(b)(2), but under the heading "FRCP 12(b)(3)," Plaintiffs contend that "defendants carried forth a [sic] event of frivolous and false claims that were made to Authorities here in Denver, Colorado . . . . It was in fact here in Colorado where the accusations were connected by the lies of the defendants. . . . The fact is the events that took place here in Colorado were in fact the defamation, libel and slander to a Colorado resident." *Response* [#35] at 2.

Because the allegations contained in the Amended Complaint are confusing and

lack clarity, and because I may consider matters outside the operative pleading for purposes of resolving an issue related to personal jurisdiction, Defendants refer me to pleadings in another case filed by Plaintiff Ronald Nagim to strengthen their argument related to the Court's lack of jurisdiction over them. *Abraham Defendants' Motion* [#6] at 1-2, 4; *Defendant Pellegrin's Motion* [#13] at 2-3. Particularly, I note that in my Recommendation to dismiss Mr. Nagim's claims against the same defendants (with the exception of Defendant LSU) in a substantially similar case, I found that plaintiff's allegations related to two cases adjudicated in the 19th Judicial Court in East Baton Rouge, Louisiana, one civil and one criminal. Case No. 10-cv-00328-PAB-KLM, *Recommendation* [#69] at 2. The civil case was brought by Stephanie Nagim, Plaintiffs' daughter,[3] against Joseph E. Abraham, III, Joseph E. Abraham, Jr., and Sandra Abraham. The case was dismissed. Case No, 10-cv-00328-PAB-KLM, *Affidavit* [#15] at 2.[4] In the criminal case, Mr. Nagim was convicted of battery and disturbing the peace following his assault of Joseph E. Abraham, III. *Id.* at 2, 5. On November 15, 2006, Mr. Nagim agreed to a permanent restraining order forbidding him from abusing, stalking, and threatening Joseph E. Abraham, III., from being in close proximity to him, from issuing communications to third parties about Joseph E. Abraham, III, and from going near certain places where Joseph E. Abraham, III and his parents could be found. *Id.* at 13-14.

In the present case, it appears that Plaintiffs' allegations against the Abrahams stem from their involvement in the litigation described above. In addition, Defendant Stephen

---

[3] For purposes of this Recommendation, the Court assumes that Plaintiff Janet Nagim is the wife of Plaintiff Ronald Nagim and that their daughter is Stephanie Nagim.

[4] None of the parties indicated the nature of the claims in the civil suit.

5

Irving represented the Abrahams in the civil case filed by Stephanie Nagim and has been the attorney for the Abrahams for several years. *Abraham Defendants' Motion* [#6] at 2. Defendant Alicia Pellegrin's involvement in Plaintiffs' alleged injuries appears to be related to the criminal case where she was ordered by the Louisiana state court to provide a mental evaluation of Plaintiff Ronald Nagim. *Id.* Mr. Nagim has maintained that her evaluation of him was unprofessional and led to the erroneous conclusion that he was a threat to society. *See id.*; *Amended Complaint* [#1-2] at 22. Finally, although not entirely clear, Defendant LSU may have employed Defendant Joseph E. Abraham, Jr. *See Abraham Defendants' Motion* [#6] at 2.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(2) is to test whether the Court has personal jurisdiction over the named parties. Plaintiffs bear the burden of establishing personal jurisdiction over all of the Defendants. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984). The Court will accept the well-pled allegations (namely the plausible, nonconclusory, and nonspeculative facts) of the operative pleading as true to determine whether Plaintiffs have made a *prima facie* showing that personal jurisdiction exists. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court "may also consider affidavits and other written materials submitted by the parties." *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F. Supp. 2d 1186, 1189 (D. Colo. 2004). In addition, I may take judicial notice of the pleadings filed by Plaintiff Ronald Nagim in other cases because they are a matter of public record. *Powell v. Rios*, 241 Fed. Appx. 500, 501 n.1 (10th Cir. July 19, 2007); *see also Gulf Coast W. Oil Co. v. Trapp*, 165 F.2d 343, 349 (10th Cir. 1947) (permitting the court on a

motion to dismiss to use uncontroverted facts ascertainable in another matter which are relevant to an issue in the pending case to "reach a just result and bring an end to litigation"). Any factual disputes are resolved in Plaintiffs' favor. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074-75 (10th Cir. 2004).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

#### A. Personal Jurisdiction

Because the defense of lack of personal jurisdiction has been raised, Plaintiffs bear the burden of proof. *Benton*, 375 F.3d at 1074. In this regard, Plaintiffs must make a *prima facie* showing that jurisdiction in Colorado is proper. *Impact Prods.*, 341 F. Supp. 2d at 1189. As a court of limited jurisdiction, this Court may only exercise jurisdiction over nonresident defendants if: (1) the long-arm statute of Colorado permits personal jurisdiction in this case; and (2) the exercise of personal jurisdiction in Colorado comports with the Due Process Clause of the United States Constitution. *See Dudnikov*, 514 F.3d at 1070. The Supreme Court of Colorado interprets Colorado's long-arm statute "to confer

7

the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions." *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Therefore, a due process analysis of jurisdiction in this case will also satisfy Colorado's long-arm statute.

First, the Due Process Clause requires that Plaintiffs demonstrate that Defendants have "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

> The requisite minimum contacts exist if the non-resident defendant has continuous and systematic contacts with the forum state (general jurisdiction) or if the defendant (i) has purposefully directed activities at forum residents or otherwise acted to avail itself purposefully of the privilege of conducting activities there and (ii) the litigation results from alleged injuries that arise out of or relate to those activities (specific jurisdiction).

*Impact Prods.*, 341 F. Supp. 2d at 1190. Here, as Defendants are citizens and residents of Louisiana and do not have continuous and systematic contacts with Colorado, Plaintiffs must provide *prima facie* proof sufficient to establish specific jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Second, if sufficient minimum contacts are shown, "the Due Process Clause requires that [the Court] further consider whether the exercise of jurisdiction over [D]efendant[s] would nonetheless offend traditional notions of fair play and substantial justice." *Impact Prods.*, 341 F. Supp. 2d at 1190.

### 1. Minimum Contacts

First, in determining whether Plaintiffs have sufficiently shown that Defendants purposefully directed their actions at Colorado, the Court considers three elements: (1) whether intentional actions were taken, (2) which were expressly aimed at the forum state, (3) with the knowledge that the brunt of the injury from the actions would be felt in the forum

state. *Dudnikov*, 514 F.3d at 1072. The Amended Complaint alleges that "Plaintiff[s] at this time [have] taken major abuse from these defendants in the past and is [sic] still in the direct attack after false allegations and claims to authorities by these individuals." *Amended Complaint* [#1-2] at 16. The Amended Complaint also claims that Plaintiff Ronald Nagim was arrested in Louisiana based on "the false and Delusional claims as to the documents that these defendants have submitted to Courts and Authorities." *Id.* at 17. "The defendants believe they have the right to retaliate for the previous Lawsuit filed, ignored, distorted and destroyed by the State of Louisiana to assist them in that case." *Id.* at 18. "These actions will in fact be felt here in Colorado and no where else." *Id.* at 19.

As a preliminary matter, that Defendants may have lodged accusations against Plaintiff Ronald Nagim in Louisiana after he became a Colorado resident, and may have done so knowing the impact that such accusations would have on a Colorado resident, "is not sufficient to demonstrate 'express aiming' at this forum . . . ." *Impact Prods.*, 341 F. Supp. 2d at 1191 (citation omitted). Plaintiffs "must present 'something more' than the injuries [they] allegedly suffered as a result of the . . . out-of-forum [conduct] in order to make out a prima facie case that [Defendants] expressly targeted [them] or Colorado through this conduct." *Id.* (citation omitted).

The Court notes that Plaintiffs also contend that Defendants "made false claims that were made to Authorities here in Denver" and made a "frivolous and false police report . . . to authorities in Colorado." *Response* [#35] at 2. In addition, Plaintiffs allege that Defendants made slanderous and defamatory mailings "to the home of Plaintiff[s]." *Amended Complaint* [#1-2] at 21. Defendants deny that they have taken any actions in or directed at Colorado. *See Abraham Defendants' Motion* [#6] at 2-3; *Defendant Pellegrin's*

9

*Motion* [#13] at 4; *Reply* [#38] at 3. Given the history between these parties and the nature of Plaintiffs' pleadings, I have serious doubts that Defendants took any action in Colorado or directed at Colorado. Nevertheless, for purposes of resolving the Motions, any uncertainty is resolved in favor of Plaintiffs. Given that, Plaintiffs have arguably alleged that Defendants purposefully directed their actions at Colorado.

Second, in determining whether the injuries arise out of or relate to Defendants' activities directed at the forum state, the Court considers whether but for Defendants' alleged conduct Plaintiffs would not have suffered the alleged injuries at issue here. *See Dudnikov*, 514 F.3d at 1079. Again, despite considerable doubt about Plaintiffs' allegations, given the deference afforded to Plaintiffs at this stage, Plaintiffs have arguably alleged that Defendants' actions proximately caused their injuries.

### 2. Fair Play and Substantial Justice

It cannot be understated that many of Plaintiffs' allegations are conclusory and not sufficiently well pled. Even after a careful review of the Amended Complaint, it is difficult to determine which allegations are conclusory and may be rejected and which allegations are more detailed and should be accepted. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (noting that Court can disregard conclusory allegations in determining whether personal jurisdiction exists). As such, I hesitate to decisively conclude that minimum contacts exist on the state of the current pleadings. Assuming without deciding that Plaintiffs have satisfied this portion of their burden, I find that this presents "a compelling case that the exercise of jurisdiction would nonetheless be unreasonable and thus offend traditional notions of fair play and substantial justice." *Impact Prods.*, 341 F. Supp. 2d at 1190. In reaching this determination, I note that courts consider several

factors, including

> (1) the burden on the defendant, (2) the forum state's interests in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effectual relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states [or foreign nations] in furthering fundamental social policies.

*Dudnikov*, 514 F.3d at 1080 (citation omitted). In considering the factors most relevant to this case, I find that these factors weigh against exercising jurisdiction.

First, I find that the burden on Defendants is compelling given the history between the parties and the multiple times Plaintiff Ronald Nagim has unsuccessfully sought to litigate similar claims in Colorado. Specifically, in at least three other cases, courts in Colorado have found related allegations to be insufficient to state a legal claim and/or properly asserted, if at all, only in Louisiana. Given the substantial similarity between this case and Case Nos. 08-cv-01115-ZLW and 10-cv-00328-PAB-KLM, these Defendants should likewise not be subject to suit in this state based on these allegations. Moreover, as was also the case in Case Nos. 08-cv-01115-ZLW and 10-cv-00329-PAB-KLM, Plaintiffs' allegations lack sufficient clarity. For example, the allegations as pled in the Amended Complaint, while verbose, provide little context and do not reasonably inform the parties or the Court of the specific alleged conduct at issue committed by each Defendant.

In addition, I note that Defendant Joseph Abraham, III has a permanent restraining order against Plaintiff Ronald Nagim which prohibits Mr. Nagim from mentioning Abraham, Defendants Joseph Abraham, Jr., Sandra Abraham, and Steven Irving "in writing, or through a third party, without express written permission of [the Louisiana state court]." Case No. 10-cv-00328-REB-KLM, *Affidavit* [#15] at 13. This lawsuit appears to be in clear

contravention of the restraining order agreed to by Mr. Nagim.  Finally, to the extent that there is any clarity to Plaintiffs' allegations, many of the allegedly wrongful actions taken by these Defendants were compelled by the actions of another person.  For example, to the extent that Plaintiffs' claims against the Abraham Defendants stem from those Defendants' participation in the civil lawsuit, their actions were conducted in defense of allegations unsuccessfully brought by Plaintiffs' daughter.  In addition, Defendant Pellegrin was ordered to conduct an evaluation of Plaintiff Ronald Nagim and testify thereto by a Louisiana state court judge.

Second, given that the Defendants reside in Louisiana, the majority of their alleged conduct occurred there, and at least two courts have recognized in similar lawsuits that venue is proper in Louisiana, Colorado's interest in resolving this matter is decidedly small.  Third, although Plaintiffs are citizens of Colorado, it appears that several of the alleged actions taken by Defendants occurred when Plaintiffs were still residents of Louisiana and prior to their move to Colorado sometime in 2005.  In addition, to the extent that Plaintiff Ronald Nagim's conduct played a role in Defendants' conduct, many of his actions occurred in Louisiana or were directed at Louisiana residents.  While it cannot be disputed that Plaintiffs' interest favors litigation in this forum, I find that this interest is outweighed by Defendants' compelling burden and the lack of a clear interest by the forum state in resolving Plaintiffs' claims, as presently pled.

Therefore, I find that exercising jurisdiction over these Defendants would offend traditional notions of fair play and substantial justice.  Accordingly, I recommend that the Court decline to exercise jurisdiction in this case.

    **B.**    **Transfer or Dismissal Without Prejudice**

Although I find that due process principles prohibit the exercise of personal jurisdiction, the Court must consider whether to transfer the case prior to dismissal pursuant to 28 U.S.C. § 1631. *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). Section 1631 directs a court to "cure jurisdictional . . . defects by transferring a suit . . . when it is in the interests of justice." *Id.* at 1222 (citing 28 U.S.C. § 1631).

> [The] factors warranting transfer rather than dismissal, at least under § 1631, include finding that the new action would be time barred, that the claims are likely to have merit, and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper.

*Id.* at 1223 n.16 (citation omitted).

As to whether any new claims would be time barred, the Amended Complaint contains very few dates for the alleged wrongful conduct. To the extent that there are any dates provided in Plaintiffs' pleading (referencing conduct that occurred in 2003, 2004 & 2005, see *Amended Complaint* [#1-2] at 17, 19-20), they indicate that Plaintiffs' claims were time barred <u>before</u> they were filed in July 2010. *See* La. Civ. Code Ann. Art. 3492 (imposing one-year statute of limitations for libel claims and constitutional claims); Colo. Rev. Stat. §§ 13-80-102(1)(a), 13-80-103(1)(a) (imposing a one-year statute of limitations for libel claims and a two-year statute of limitations for constitutional claims). Accordingly, this factor neither weighs in favor of transfer nor against dismissal.

The timeliness of Plaintiffs' claims, however, also speaks to whether their case has potential merit. It cannot be denied that the likelihood that Plaintiffs' claims were time barred before they were filed significantly impacts any likelihood of success of the case were it transferred. In addition, under the "quick look" utilized to determine whether transfer is necessary, see *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000), as noted above,

13

Plaintiffs' claims arguably lack sufficient detail and clarity to survive a motion to dismiss pursuant to Fed. R. Civ. P. 8 & 12(b)(6). *See, e.g.*, *Mann v. Boatright*, 477 F.3d 1140, 1147-48 (10th Cir. 2007). *See generally Howard v. Las Animas County Sheriff's Office*, 09-cv-00640, 2010 WL 1235668, at *8 (D. Colo. Feb. 23, 2010) (unpublished decision) (holding that plaintiff's defamation allegations were insufficient because he did not "identify" which Defendants were responsible for the alleged conduct). Further, to the extent that Plaintiffs intended to assert constitutional claims against the Abraham Defendants, they do not appear to be state actors and cannot be sued for any federal or state constitutional violations. *See Lee v. Town of Estes Park, Colo.*, 820 F.2d 1112, 1115-16 (10th Cir. 1987); *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Therefore, this factor clearly favors dismissal over transfer.

Finally, I note that Plaintiff Ronald Nagim has been previously informed that Louisiana is the proper venue for similar claims against these parties. Case No. 08-cv-01115-ZLW [Docket No. 2].[5] Arguably, the fact that this case was initially filed by Plaintiffs in state court, rather than federal court, indicates their awareness that filing the case in federal court would lead to the same result as Case No. 08-cv-01115-ZLW. I find that this history suggests a lack of good faith on the part of Plaintiffs. *See Kelso v. Luna*, 317 Fed. Appx. 846, 848 (10th Cir. Mar. 25, 2009) (noting that "[t]here can be no doubt that [plaintiff] should have realized that [state] was an improper forum because an action he had

---

[5] I also note that while Plaintiffs filed their state lawsuit before I issued my Recommendation that Case No. 10-cv-00328-PAB-KLM be dismissed for improper venue, motions were pending in the latter case requesting dismissal for improper venue. This further evidences that Plaintiffs were on notice that any similar case was on shaky jurisdictional grounds in Colorado.

previously filed against [defendant] in [state] was dismissed, at least in part, for lack of jurisdiction"). In addition, the existence of the permanent restraining order, and Plaintiffs' apparent violation of it by filing this case, also supports a finding of bad faith. Therefore, this factor favors dismissal over transfer.

Weighing the relevant factors, I find that transfer of this case would not be in the interests of justice and instead recommend that the case be dismissed without prejudice. *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216-17 (10th Cir. 2002) (noting that dismissal for lack of jurisdiction must be without prejudice).

### C. *Sua Sponte* Dismissal of Defendant LSU

Despite the fact that Defendant LSU has not been served, I find that dismissal of this Defendant is also appropriate here. Defendant LSU is a state entity; as such, Plaintiffs may not sue it for damages pursuant to 42 U.S.C. § 1983. *See Dyess v. LSU Bd. of Supervisors*, No. Civ.A. 05-392, 2005 WL 2060915, at *4 (E.D. La. Aug. 19, 2005) (unpublished decision); *see also* La. Rev. Stat. Ann. § 13:5106(a). While § 1983 permits claims against state actors for monetary damages arising from violations of the Constitution, a suit against a state entity, here LSU, is considered to be a suit against the state itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment protects states from suits for damages. *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000). Accordingly, Plaintiffs' request for money damages from Defendant LSU for alleged constitutional violations must be dismissed. *See Amended Complaint* [#1-2] at 23. While the Eleventh Amendment may not prevent a claim for injunctive relief against Defendant LSU, see *Ex Parte Young*, 209 U.S. 123, 159-60 (1908), Plaintiffs' request for relief appears to be limited to monetary damages. As such, their

15

constitutional claims are barred and should be dismissed.

In addition, to the extent that Plaintiffs seek to hold Defendant LSU liable for any state law claims, the State of Louisiana has not waived its Eleventh Amendment immunity to be subject to suit in federal court. In particular, the Court notes that Louisiana Revised Statute § 13:5106(a) states that "[n]o suit against the state or state agency . . . shall be instituted in any court other than a Louisiana state court." La. Rev. Stat. Ann. § 13:5106(a); *Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985). Accordingly, Plaintiffs' state law claims, if any, against Defendant LSU are also barred by the Eleventh Amendment and should be dismissed.[6]

## IV. Conclusion

For the reasons set forth above, I respectfully **RECOMMEND** that the Abraham Defendants' Motion to Dismiss [#6] be **GRANTED** and that the case against them be **DISMISSED without prejudice**.

I FURTHER **RECOMMEND** that Defendant Pellegrin's Motion to Dismiss [#13] be **GRANTED** and that the case against her be **DISMISSED without prejudice**.

I FURTHER **RECOMMEND** that the case against Defendant LSU be **DISMISSED with prejudice**.

I FURTHER **RECOMMEND** that Plaintiffs be warned that an injunction may be entered prohibiting them from filing future lawsuits against these parties in Colorado if they attempt to assert similar claims in any subsequent lawsuit in this Court.

---

[6] Eleventh Amendment immunity is a jurisdictional issue and, therefore, the Court may consider the defense *sua sponte*. *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: October 19, 2010

BY THE COURT:

  s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix